UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON RITCHWOOD, | : |
| Plaintiff, | : Civil Action No. 23-20374 (JXN) (JBC) |
| v. | : MEMORANDUM OPINION |
| | : & |
| ESSEX COUNTY TOWING, and TOWNSHIP OF SOUTH ORANGE VILLAGE | : ORDER |
| Defendants. | : |

**NEALS**, District Judge:

This matter comes before the Court on Defendant Essex County Towing's ("Essex Towing") and Defendant Township of South Orange Village's ("Township") (together the "Defendants") motions to dismiss *pro se* Plaintiff Jason Ritchwood's ("Plaintiff") complaint (ECF No. 1) (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(e).  (ECF Nos. 12, 16).  Plaintiff opposed Essex Towing's motion only.  (ECF No. 14).  Essex Towing replied. (ECF No. 15).  Plaintiff's motion to show cause (ECF No. 18), which the Township opposed (ECF No. 19), is also before this Court.  The Court has carefully considered the parties' submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).

For the reasons set forth below, Defendants' motions to dismiss (ECF Nos. 12, 16) are **GRANTED**; and the Complaint (ECF No. 1) is **DISMISSED with prejudice**.  Plaintiff's motion to show cause (ECF No. 18[1]) is **DENIED**.

---

[1] Plaintiff also filed a "[m]otion to show cause [in] response in opposition" at (ECF No. 17).  To the extent (ECF No. 17) is a separate motion, this memorandum opinion and order applies (ECF No. 17) with the same force and effect.

1. A complaint may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Challenges to subject matter jurisdiction can be either 'facial' or 'factual.'" *Smolow v. Hafer,* 353 F. Supp. 2d 561, 566 (E.D. Pa. 2005) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). In considering a Rule 12(b)(1) motion to dismiss, a district court must first determine whether the motion "attack[s]" (1) the complaint as deficient on its face; or (2) "the existence of subject matter jurisdiction in fact, [] apart from any pleadings." *Mortensen*, 549 F.2d at 891.

2. A "facial attack" asserts that the "plaintiff did not properly plead jurisdiction," whereas a "factual attack" involves an averment that "jurisdiction is lacking based on facts outside of the pleadings . . . ." *Smolow,* 353 F. Supp. 2d at 566 (citation omitted). In a "facial" attack, the court must "consider the allegations of the complaint as true." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (citations omitted). On a "factual" attack, no "presumptive truthfulness attaches to the plaintiff's allegations." *Id.* at 346 (citation and internal quotations and ellipses omitted).

3. Here, Defendants appear to argue that the Court does not have subject matter jurisdiction under a facial attack. (ECF Nos. 12-1, 16-2). The Court agrees.

4. In alleging federal question jurisdiction (ECF No. 1-1), the Court considers whether such jurisdiction is apparent from the Complaint. *See Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28 (1974) (Federal question jurisdiction "must be disclosed upon the face of the complaint, unaided by the answer.") (citation and internal quotations omitted). Plaintiff "bears the burden of establishing subject matter jurisdiction." *Omar v. Mueller*, 501 F. Supp. 2d 636, 638 (D.N.J. 2007) (citation omitted). Here, the Complaint fails to establish federal question jurisdiction because it does not implicate federal law.

5. 28 U.S.C. § 1331 provides this Court with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Generally, "a case arises under federal law when federal law creates the cause of action asserted." *Goldman v. Citigroup Global Markets Inc.*, 834 F.3d 242, 249 (3d Cir. 2016) (citation and internal quotations omitted).

6. Plaintiff alleges a claim under 42 U.S.C. § 1982. (ECF No. 1-1).[2] The basis of the claim is Plaintiff's ownership of a 2005 Ford F-150 King Ranch (*see* Compl. at 14[3]), which he alleges Defendants "took possession of" in the "absence of due process of law and under threat of deadly force . . . ." (*Id.* at 2).

7. Based on the face of the Complaint, Plaintiff does not have a § 1982 claim. *See Grant v. Slattery*, No. 22-941, 2022 WL 4550632, at *8 (D.N.J. Sept. 29, 2022) ("§ 1982 pertains to the rights of citizens to own and convey personal property . . . ."). Neither the Complaint nor Plaintiff's opposition (ECF No. 14) alleges the elements of a § 1982 claim. *See Saunders v. Art Council of Princeton*, No. 21-1118, 2021 WL 6124315, at *2 (3d Cir. Dec. 28, 2021) (To state a claim under § 1982, a plaintiff must allege facts that raise "a plausible inference of (1) the defendant's racial animus; (2) intentional discrimination; and (3) that the defendant deprived plaintiff of his rights because of race."). Accordingly, the § 1982 claim is dismissed. *See Conserve v. City of Orange Twp.*, No. 21-872, 2021 WL 3486906, at *9 n.17 (D.N.J. Aug. 9, 2021). In arguing that the Complaint alleges a claim under § 1983 in the Opposition (ECF No. 14 at 1), the Court considers whether federal jurisdiction is established under such a claim.

8. To state a § 1983 claim, a "plaintiff [must] prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that

---

[2] The factual allegations are taken from the Complaint that are accepted as true. *Sheridan v. NGK Metals Corp.,* 609 F.3d 239, 262 n.27 (3d Cir. 2010).
[3] The Court refers to the ECF page numbers.

the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011) (citation omitted).  Here, nothing in Complaint suggests Plaintiff attempted to raise a § 1983 claim or, alternatively, that the face of the Complaint alleges a plausible claim. *Phillips Petroleum Co.*, 415 U.S. at 127-28.  Thus, the claim is dismissed, and federal question jurisdiction is not demonstrated.

10.  Plaintiff also alleges diversity of citizenship. (ECF No. 1-1).  However, the parties are not diverse.  (*See* Compl. at 1-2) (noting Plaintiff and Defendants are New Jersey residents or entities).  Because complete diversity is lacking (*Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010)), diversity jurisdiction is not met.  *See* 28 U.S.C. § 1332(a)(1) (District courts have federal subject matter jurisdiction in civil suits where the "matter in controversy exceeds the sum or value of $ 75,000, . . . and is between [c]itizens of different States[.]").

11.  Despite these deficiencies, Plaintiff argues that the Court has jurisdiction under 28 U.S.C § 1367, which provides supplemental jurisdiction "in any civil action of which the district courts have original jurisdiction . . . ."  Because there is neither federal question jurisdiction under 28 U.S.C. § 1331 nor diversity jurisdiction under 28 U.S.C. § 1332, , Defendants' motions to dismiss (ECF Nos. 12, 16) are granted and the Complaint is **dismissed *with prejudice***.  Moving to Plaintiff's motion to show cause (ECF No. 18), the Court denies the motion as lacking any merit.

12.  First, Plaintiff argues that default judgment should be entered against the Township. (ECF No. 18 at 7-8).  However, default was not entered against the Township, and the Township responded to the Complaint by filing the motion to dismiss.  Accordingly, the motion to show cause is denied.

4

13. Second, Plaintiff argues that the Clerk of Court's order granting the Township's request to extend the time to respond to the Complaint under Local Civil Rule 6.1(b) (ECF No. 13), should be vacated or reversed. (ECF No. 18 at 5-6). Because the Local Rule permits the extension, the motion is denied. Finally, Plaintiff's request for sanctions (ECF No. 18 at 6-7), is similarly denied because no "exceptional circumstances" have been presented to warrant sanctions. *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994). For the foregoing reasons, it is hereby

**ORDERED** that Defendants' motions to dismiss (ECF No. 12, 16) are **GRANTED**; it is further

**ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED with prejudice**; it is further

**ORDERED** that Plaintiff's motion to show cause (ECF No. 18) is **DENIED**; it is further

**ORDERED** that this memorandum opinion and order applies with the same force and effect to Plaintiff's motion to show cause (ECF No. 17), if any, which is also **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter.

DATED: 4/8/2024

s/Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge